THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| THREE ARROWS ENTERPRISES, INC. | : | CASE NO.: 1-09-bk-07161-RNO |
| | : | |
| AUTOHAUS ACQUISITION, INC. | : | CASE NO.: 1-09-bk-07158-RNO |
| | : | |
| DEBTORS-IN-POSSESSION | : | (Jointly administered) |
| | | |
| ROBERTA A. DeANGELIS, ACTING UNITED STATES TRUSTEE | : : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| AUTOHAUS ACQUISITION, INC. | : | |
| Respondent | : | |

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS CASE
OR, IN THE ALTERNATIVE, TO CONVERT CASE TO A PROCEEDING UNDER
CHAPTER 7**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully moves this Court to enter an Order dismissing the above-referenced cases or, in the alternative, converting the proceeding to one under Chapter 7, and in support thereof, states as follows:

1. The UST is charged with certain administrative responsibilities pursuant to Title 28 U.S.C. § 586(a)(3), which include the supervision of the operation of the debtor and the progress of cases pending under Chapter 11.

2. The UST has standing to raise and appear on any issue in any proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

3. On September 16, 2009, Debtor, Autohaus Acquisition, Inc., filed a petition under Chapter 11 of the Bankruptcy Code. On the same date, a bankruptcy case was filed by Debtor's affiliate, Three Arrows Enterprises, Inc. ("TAE").

4. On September 17, 2009, both Debtor and TAE filed a motion for the joint administration of their respective bankruptcy cases. The motion was granted by Order dated October 23, 2009.

5. Debtor is a party to a dealer sales and service agreement with Volkswagen of America, Inc. Prior to the commencement of the case, Debtor sold and serviced motor vehicles under the Volkswagen brand. It also sold and serviced used or pre-owned vehicles.

6. At the time the case was commenced, Debtor had ceased operations as a Volkswagen dealer and was storing much of its tangible property, including vehicle inventory, with TAE and Sutliff Saturn, Inc. ("Sutliff").

7. Debtor alleges that it engaged in substantial pre-petition efforts to market the sale of its business.

8. Debtor's pre-petition efforts to market its business for sale resulted in the execution of an asset purchase agreement with Sutliff dated June 29, 2009.

9. Pursuant to a motion filed on October 27, 2009, Debtor proposes to sell its tangible and intangible assets to Sutliff pursuant to the terms of the June 29, 2009 agreement as amended on October 6, 2009 (collectively, the "Agreement").

10. The UST objects to the sale for the reasons stated in an objection filed contemporaneously with the filing of this motion.

11. The UST seeks conversion or dismissal of this case because Debtor has, without any known cause, failed to meet the basic duties of a debtor-in-possession and has not acted in good faith.

12. A basic duty of every debtor under Title 11 is the obligation to file various schedules and statements. 11 U.S.C. § 521.

13. Schedules of assets and liabilities and a statement of financial affairs must be filed within 15 days of the date the case was commenced. FRBP 1007(c). The time to file such documents may be extended only on motion "for cause shown." Id.

14. On October 1, 2009, Debtor filed a motion seeking to extend to October 19, 2009 the deadline to file its schedules and other required papers. The motion was granted by Order dated October 9, 2009.

15. Debtor did not file the required schedules or statements.

16. On October 22, 2009, Debtor filed a second motion to extend the deadline for filing schedules and statements to November 20, 2009. The Court has not acted on the motion.

17. Pursuant to 28 U.S.C. § 1930(a)(6), as amended January 26, 1996, P.L. No. 104-99, sec. 211 and September 30, 1996, P.L. 104-208, 110 Stat. 3009, a debtor in a case under Chapter 11 is required to pay, in addition to the filing fee paid to the clerk, a quarterly fee for each quarter, based upon the amount of disbursements, until a case is converted or dismissed or a final decree is entered.

18. Debtor has not paid a quarterly fee for the third quarter of 2009. The minimum amount due is $325. The UST cannot accurately determine the actual amount due because, as noted below, Debtor has not filed any monthly financial reports.

19. A debtor-in-possession is also required to file monthly financial reports with the Court and is required to provide the UST with copies of said reports pursuant to 11 U.S.C. section 704(8). Debtor has not filed any financial reports.

20. As a result of Debtor's failure to file timely monthly reports, the UST is unable to properly supervise the administration of this case as required by 28 U.S.C. section 586.

21. Debtor's failure to file required schedules and statements, its failure to file required operating reports and its failure to pay quarterly fees provides cause to dismiss or convert the case to a proceeding under Chapter 7. 11 U.S.C. § 1112(b)(4)(F) and (K).

22. Title 11 U.S.C. § 1112 (b)(1) provides that "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, <u>the court shall</u> convert a case under this chapter to a case under Chapter 7 or dismiss a case under this Chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." (emphasis added).

WHEREFORE, for the reasons stated above, the United States Trustee respectfully requests that this Court enter an Order dismissing the above-referenced proceeding or, in the alternative, converting it to one under Chapter 7, and for any and all further relief as may be just and equitable.

    Respectfully Submitted,

    ROBERTA A. DeANGELIS
    ACTING UNITED STATES TRUSTEE

    ANNE K. FIORENZA
    ASSISTANT UNITED STATES TRUSTEE

    By: <u>/s Gregory R. Lyons</u>
        Gregory R. Lyons, Trial Attorney
        228 Walnut Street, P.O. Box 969
        Harrisburg, PA 17108
        (717) 221-4515

Dated: <u>November 12, 2009</u>

THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| THREE ARROWS ENTERPRISES, INC. | : | CASE NO.: 1-09-bk-07161-RNO |
| | : | |
| AUTOHAUS ACQUISITION, INC. | : | CASE NO.: 1-09-bk-07158-RNO |
| | : | |
| DEBTORS-IN-POSSESSION | : | (Jointly administered) |

| | |
|---|---|
| ROBERTA A. DeANGELIS, ACTING UNITED STATES TRUSTEE | : : |
| Movant | : : |
| v. | : : |
| AUTOHAUS ACQUISITION, INC. | : |
| Respondent | : |

## CERTIFICATE OF SERVICE

     I hereby certify that on <u>November 12, 2009</u>, the foregoing was electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail address:

Robert E. Chernicoff, Esq.
Email: rec@cclawpc.com

                                            ROBERTA A. DeANGELIS
                                            ACTING UNITED STATES TRUSTEE

                                            Anne K. Fiorenza
                                            Assistant United States Trustee


                                            BY:   /s  Gregory R. Lyons
                                                    Gregory R. Lyons, Trial Attorney
                                                    228 Walnut Street, P.O. Box 969
                                                    Harrisburg, PA 17108
                                                    (717) 221-4515